UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
SOUTHEASTERN SOLUTIONS SES INC.,

                Plaintiff,

    -against-

ICON REALTY NY CORP.; HOLLYWOOD STYLZE
SALON, LLC; RANCH MINI MARKET & DELI INC.;
V.I.P. NAILS SALON BY LINDA, INC.; THE CITY OF
NEW YORK, ENVIRONMENTAL CONTROL BOARD;
FLAGSTAR BANK, N.A. as Successor in Interest
To New York Community Bank,

                Defendants.
------------------------------------------------------------------X

1:24-cv-08995
(AKH)(VF)

## DEFENDANT'S MEMORANDUM OF LAW

Naidich Wurman LLP
Attorneys for Defendant
Icon Realty NY Corp.
111 Great Neck Road
Great Neck, New York

## PRELIMINARY STATEMENT

Defendant Icon Realty NY Corp. respectfully submits this Memorandum of Law in support of its motion which seeks (i) dismissal of this action for lack of subject matter jurisdiction pursuant to FRCP Rule 12(b)(1),(c), and/or (h); and (ii) cancellation of the Notice of Pendency filed with the Bronx County Clerk.

## STATEMENT OF FACTS

For a Statement of Facts, the Court is respectfully referred to the contents of the Declaration of Richard S. Naidich dated February 13, 2025, the Complaint, the Answer with Counterclaim, and the Reply.

In summary, plaintiff Southeastern Solutions SES Inc. ("Plaintiff" or "SES") has brought this action contending that it is entitled to foreclose four (4) mechanic's liens ("the Liens") against defendant Icon Realty NY Corp. as owner ("Defendant" or "Icon") and three tenants ("the Tenant Defendants") on certain commercial real property in Bronx County, New York. Plaintiff claims that Icon owes $70,000.63, and the three Tenant Defendants owe $22,980, 3,320 and $24,550 respectively. Plaintiff contends that it is entitled to aggregate the amounts allegedly owed to attain the $75,000 threshold jurisdictional amount to invoke federal diversity jurisdiction. Icon contends that the amounts cannot be aggregated and therefore subject matter jurisdiction is lacking. Since subject matter jurisdiction is lacking, the action should be dismissed and the Notice of Pendency cancelled.

ARGUMENT

POINT I

PLAINTIFF CANNOT MEET ITS BURDEN OF ESTABLISHING
SUBJECT MATTER JURISDICTION

It is well established that a Federal Court has an independent obligation to confirm that it has subject matter jurisdiction; that a conclusory statement that the amount in controversy exceeds $75,000 is insufficient to make such a determination; and that the party asserting diversity jurisdiction has the burden of establishing the existence of the jurisdictional amount in controversy, and of proving that it appears to be a reasonable probability that the claim is in excess of the statutory jurisdictional amount. Al Ghrairi v. Federal-Mogul Motorsports LLC, 2025 WL 289065 (W.D.N.Y. 2025); Barett v. TP Trucking Co., 2020 WL 1862362 (S.D.N.Y. 2020).

We submit that Plaintiff cannot meet this burden, as it is equally well established that claims against multiple defendants can only be aggregated when such defendants are jointly liable to the plaintiff, which is not the case here. Genopsgroup LLC v. Public House Investments LLC., 67 F. Supp. 3d 338 (D.C.C. 2014). In this case, Plaintiff has not suggested - - let alone demonstrated - - that Icon and the Tenant Defendants are jointly liable for Plaintiff's separate and distinct claims. All of the Defendants are corporations or limited liability companies, independently owned, and share no other indicia of corporate relationship, nor is any alleged. Indeed, Plaintiff's claims are alleged by Plaintiff to arise out of separate contracts or agreements for the performance of separate and different types of work, and no defendant is alleged to have co-signed a guaranty of performance by any other defendant, Thus, Plaintiff cannot demonstrate (and has not alleged) joint liability for the claims brought in this action, and

cannot meet its burden of establishing diversity jurisdiction. *Id*; RGI Events & Public Relations, LLC v. Al Qurm Management Consultancy, 2019 WL 935498 (D.D.C. 2019) ("claims against multiple defendants can be aggregated only when the defendants are jointly liable to the plaintiff").

The applicable textual authorities are to the same effect and also support our contentions. For example, the author of 32 Am Jur. 2d, Federal Courts, Section 980 observes that "the general rule for aggregating claims against multiple defendants to satisfy the amount – in – controversy requirement of diversity jurisdiction is that where a suit is brought against several defendants asserting claims against each of them which are separate and distinct, the test of jurisdiction is the amount of each claim, and not their aggregate; claims against multiple defendants can only be aggregated when the defendants are jointly liable to the plaintiff".

The Complaint at bar alleges that Icon and each of the Tenant Defendants are separately liable to the Plaintiff for the respective amounts sought against each, based upon alleged separate agreements, separate work, and separate causes of action alleged to exist for breach of contract, quantum meruit, unjust enrichment, and accounts stated. Thus, the claims cannot be aggregated. Since Plaintiff only claims that Icon is liable for $70,000.63, the threshold amount has not been met with respect to Icon. Moreover, even if the amount in controversy requirement was met with respect to Icon, (and it is not) that would not confer subject matter jurisdiction over the Plaintiff's claims against the Tenant Defendants. Maitland v. Lunn, 2019 WL 13236149 (E.D.N.Y. 2019).

The United States District Court for the Southern District of New York has routinely and consistently applied these rules to dismiss cases brought against multiple defendants. Scott v. Door Dash, 2024 WL 4635367 (S.D.N.Y. 2024) ("when a plaintiff has claims against more than

4

one defendant, such claims generally may not be aggregated"); K. Bell & Associates, Inc. v. Lloyd's Underwriters, 1998 WL 274346 (S.D.N.Y. 1998) ("a plaintiff must allege that the amount in controversy is in excess of the jurisdictional amount against each defendant"); Chase Manhattan Bank, N.A. v. Aldridge, 906 F. Supp. 870 (S.D.N.Y. 1995) ('aggregation is allowed when the defendants' liability to the plaintiff is common, undivided, or joint - - it is not allowed when the defendants' liability is several"); Smith v. Abbate, 201 F. Supp. 105 (S.D.N.Y. 1961) ("the policy of the statute conferring diversity jurisdiction upon the district court calls for its strict construction - - if a plaintiff's allegations of jurisdictional facts are challenged by the defendants, the plaintiff bears the burden of supporting the allegations by competent proof").

The Eastern District of New York has reached the same conclusion. Grayson v. Williams, 2019 WL 5788325 (E.D.N.Y. 2019) ("when defendants' liabilities are several and distinct, the amount in controversy threshold must be met with respect to each and every individual defendant regardless of whether the claims are temporally proximate or factually related"); Nastasi v. Lari, 2017 WL 943935 (E.D.N.Y. 2017) ("aggregation depends upon the nature of the defendants' liability to the plaintiff rather than on the source of the right to sue or transactional relatedness of the claims"). Because the claims here do not give rise to common, undivided or joint liability the case should be dismissed for lack of diversity jurisdiction. Id. Stated differently, since the sole Plaintiff cannot recover over $75,000 from any single defendant the claims cannot be aggregated, and the case should be dismissed. Hunt v. Jack V. Waters, D.C., P.C., 403 F. Supp. 3d 1036 (D. New Mexico, 2019).

It is not our burden to establish an absence of joint liability. To the contrary, it is the burden of the Plaintiff to establish joint liability in order to sustain subject matter jurisdiction. However, for the avoidance of doubt, the Lien Law provides for the award of personal

judgments in a mechanic's lien foreclosure action, regardless of whether the lien is established or is not established. 76A N.Y. Jur. 2d, Mechanics' Liens, Section 337. Thus, in the event that the Plaintiff were to prevail (which will not be the case) each defendant would be liable for the amount sought against that defendant. Stated otherwise, the Tenant Defendants would not be liable for the $70,000.63 sought against Icon, nor visa versa. Thus, the claims cannot be aggregated, and the case should be dismissed. Lack of subject matter jurisdiction may be raised at any time. Arbaugh v. Y&H Corp., 546 U.S. 500 (2006); In Re: Apple iPhone Antitrust Litigation, 846 F. 3d 313 (9th Cir. 2017). This defense is properly raised by motion to dismiss. Michigan Southern Railroad Co. v. Branch & St. Joseph Counties, 287 F. 3d 568 (6th Cir. 2002). Dismissal for lack of subject matter jurisdiction requires that all claims be dismissed. Nowak v. Ironworkers Local 6 Pension Fund, 81 F. 3d 1182 (2d Cir. 1996).

POINT II

THE NOTICE OF PENDENCY SHOULD BE CANCELLED

We respectfully submit that the Plaintiff is improperly using a Notice of Pendency as a sword, not as a shield. Chambi v. Navarro, Vives & Cia, Ltd., 95 A.D.2d 667 (1st Dep't, 1983); Mageloff v. Sarkin, 52 Misc. 2d 737 (Sup. Ct., Onondoga Co., 1966). This is because a Notice of Pendency should not be used in support of an exaggerated lien.

In any event, upon the dismissal of the case, the Notice of Pendency should be cancelled as a matter of law. Chic Realty 712, LLC v. GSA Holding Corp., 220 A.D.3d 914 (2d Dep't, 2023); Mazzei v. Kyriacou, 139 A.D.3d 823 (2d Dep't, 2016); Coleman v. Coker, 66 A.D.3d 812 (2d Dep't, 2009).

## CONCLUSION

I. The Complaint should be dismissed and the case closed for lack of subject matter jurisdiction, and

II. The Notice of Pendency should be cancelled.

Dated: Great Neck, New York
February 13, 2025

Respectfully submitted,

NAIDICH WURMAN LLP

By: _____
RICHARD S. NAIDICH
Attorneys for Defendant
Icon Realty NY Corp.
111 Great Neck Road, Ste. 214
Great Neck, NY 11021
(516) 498-2900
