UNITED STATED DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SOUTHEASTERN SOLUTIONS SES INC.,<br><br>                    Plaintiff<br><br>           -against-<br><br>ICON REALTY NY CORP.; HOLLYWOOD STYLZE SALON, LLC; RANCH MINI MARKET & DELI INC.; V.I.P. NAILS SALON BY LINDA, INC.; THE CITY OF NEW YORK ENVIRONMENTAL CONTROL BOARD; FLAGSTAR BANK, N.A. as Successor in Interest to New York Community Bank<br><br>                Defendants. | Case No. 1:24-cv-08995-AKH |

### MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANT ICON REALTY NY CORP'S MOTION TO DISMISS

**Shiryak, Bowman, Anderson, Gill & Kadochnikov, LLP**
*Attorneys for Plaintiff*
Alexander Kadochnikov, Esq.
80-02 Kew Gardens Road, Suite 600
Kew Gardens, NY 11415
Phone: (718) 263-6800
Fax: (718) 520-9401
akadochnikov@sbagk.com

1

**Table of Contents**

I.   PRELIMINARY STATEMENT ........................................................... 4

II.  STATEMENT OF FACTS AND PROCEDURAL POSTURE .................................... 4

III. ARGUMENT ....................................................................... 6

  A.   PLAINTIFF HAS PROPERLY INVOKED AND ESTABLISHED SUBJECT
  MATTER JURISDICTION UNDER 28 U.S.C. § 1332 ...................................... 6

    i.   THE ACTION FOR FORECLOSURE OF MECHANIC'S LIEN SATISFIES THE
    JURISDICTIONAL AMOUNT REQUIREMENT .............................................. 6

    ii.  DEFENDANT MISAPPLIES THE STANDARD FOR AGGREGATION OF
    CLAIMS IN DIVERSITY JURISDICTION ............................................... 9

  B.   THE NOTICE OF PENDENCY IS PROPER AND SHOULD NOT BE
  CANCELLED ....................................................................... 11

    i.   THE NOTICE OF PENDENCY IS PROPER IN A MECHANIC'S LIEN
    FORECLOSURE ACTION ............................................................ 12

    ii.  DEFENDANT HAS FAILED TO SHOW THAT THE MECHANIC'S LIEN IS
    IMPROPER ...................................................................... 12

    iii.   THE NOTICE OF PENDENCY CANNOT BE CANCELLED AT THIS STAGE 13

IV.  CONCLUSION .................................................................... 14

# TABLE OF AUTHORITIES

## Cases

*5303 Realty Corp. v. O & Y Equity Corp.*, 64 N.Y.2d 313, 319 (1984) ................................. 11, 13

*Aztec Window & Door Mfg., Inc. v. 71 Village Road, LLC*, 60 A.D.3d 795 (2009) .................... 12

*Chambi v. Navarro, Vives & Ia, Ltd.*, 95 A.D.2d 667 (1st Dep't 1983)..................................... 12

*Duraflex Sales & Service Corp. v. W.H.E. Mechanical Contractors*, 110 F.3d 927 (1997) ......... 8

*GenopsGroup LLC v. Public House Investments LLC*, 67 F. Supp. 3d 338 (2014) ...................... 9

*Hayfield v. Home Depot U.S.A., Inc.*, 168 F. Supp. 2d 436 (2001) .......................................... 9

*Herlihy v. Ply-Gem Industries, Inc.*, 752 F. Supp. 1282 (1990) ..................................................... 9

*In re Admiral's Walk, Inc.*, 134 B.R. 105 (1991)............................................................................. 9

*Lane Const. Co., Inc. v. Chayat*, 117 A.D.3d 992 (2014)............................................................. 13

*Mageloff v. Sarkin*, 52 Misc. 2d 737 (Sup. Ct., Onondaga Co., 1966) ......................................... 12

*McDowell Welding & Pipefitting, Inc. v. U.S. Gypsum Co.*, 285 B.R. 460 (2002)...................... 11

*Rice v. Culver*, 172 N.Y. 60 (1902) .............................................................................................. 7

*Travelers Prop. Cas. v. Good*, 689 F.3d 714, 719 (7thCir. 2012) ............................................... 11

*United States v. Certified Industries Inc.*, 361 F.2d 857, 860.......................................................... 7

*West Rac Contracting Corp. v. Huntington Village Hotel Partners, LLC*, 75 Misc.3d 805 (2022) ............................................................................................................................................. 13

*York Hunter Const., Inc. v. Avalon Properties, Inc.*, 104 F. Supp. 2d 211 (2000)........................ 9

## Statutes

28 U.S.C. § 1332......................................................................................................... 4, 6, 7, 14

CPLR § 6514(a) ................................................................................................................. 13

N. Y. Lien Law § 3 .......................................................................................................... 12

N.Y. Lien Law § 3 ............................................................................................................. 7

N.Y. Lien Law § 54 ........................................................................................................... 8

New York Civil Practice Law and Rules (CPLR) § 6501 ........................................................ 11

## I.    PRELIMINARY STATEMENT

Plaintiff Southeastern Solutions SES Inc. ("Plaintiff" or "SES") submits this Memorandum of Law in opposition to Defendant Icon Realty NY Corp.'s ("Icon Realty") Motion to Dismiss. Defendant argues that this Court lacks subject matter jurisdiction under FRCP 12(b)(1), (c), and/or (h), asserting that Plaintiff's claims cannot be aggregated to satisfy the $75,000 jurisdictional threshold under 28 U.S.C. § 1332. Additionally, Defendant seeks cancellation of the Notice of Pendency, claiming that Plaintiff's claims do not affect the title to real property. For reasons provided below, Defendant's motion must be denied in its entirety.

## II.    STATEMENT OF FACTS AND PROCEDURAL POSTURE

On or about July 2024, Plaintiff entered into an agreement with Icon Realty, Hollywood Stylze Salon, LLC ("Hollywood Stylze"), Ranch Mini Market & Deli Inc. ("Ranch"), and V.I.P. Nails Salon by Linda, Inc. ("VIP Nails") (collectively, the "Hiring Defendants") to provide construction, demolition, water remediation, and fire and smoke damage restoration services at 2739 White Plains Road, Bronx, NY; 2729 White Plains Road, Bronx, NY 10467; and 2727 White Plains Road, Bronx, NY, collectively referred to as the Property.

Pursuant to the agreement, Plaintiff performed the required work, including but not limited to hazardous material removal and essential demolition work, which benefitted the Hiring Defendants and their commercial establishments. (Compl. ⁋ 17.) Despite substantial completion of the project, the Hiring Defendants failed to pay Plaintiff the full amount due for the labor and materials provided. The total unpaid balance amounts to $120,850.63.

To protect its legal interests, Plaintiff filed mechanic's liens against the Property on or about September 18, 2024, within the eight-month statutory period, in compliance with New York Lien Law. The liens were duly recorded with the Bronx County Clerk's Office, covering a

4

total amount of $143,627.84. (Compl. ¶ 24.) The liens were properly served on the Hiring Defendants, and proof of service was filed accordingly. (Compl. ¶ 25.)

Despite multiple demands for payment, the Hiring Defendants have refused to remit the amounts owed. Consequently, Plaintiff filed the instant foreclosure action on its mechanic's liens against Icon Realty and sought monetary relief against the Hiring Defendants under theories of breach of contract, quantum meruit, unjust enrichment, and account stated.

On or about November 25, 2024, Plaintiff filed a Complaint in the United States District Court for the Southern District of New York, asserting claims for mechanic's lien foreclosure, breach of contract, quantum meruit, unjust enrichment, and account stated against the Defendants. (Compl. ¶¶ 1-115.)

On or about January 27, 2025, Defendant Icon Realty filed an Answer with Counterclaims, denying liability and asserting a counterclaim against Plaintiff. In response thereto, on or about February 04, 2025, Plaintiff filed a Reply to Counterclaims, denying the allegations and reaffirming the validity of its mechanic's liens and claims.

On or about February 13, 2025, Defendant Icon Realty filed the instant Motion to Dismiss, arguing that the Court lacks subject matter jurisdiction under 28 U.S.C. § 1332, asserting that Plaintiff's claims cannot be aggregated to meet the jurisdictional amount. Defendant further contends that the mechanic's lien foreclosure action is improper and that the Notice of Pendency should be canceled.

Plaintiff opposes the Motion to Dismiss, arguing that the Court has subject matter jurisdiction because the claims arise from a common nucleus of operative fact, thereby permitting aggregation under federal law. Plaintiff further asserts that the mechanic's lien

foreclosure action is valid, as the claims affect title to real property, justifying the Notice of Pendency. Finally, Plaintiff maintains that its claims are properly pled under New York contract law and lien statutes, warranting denial of the motion.

Accordingly, Plaintiff submits this Memorandum of Law in Opposition to Defendant's Motion to Dismiss.

### III.    ARGUMENT

**A.  PLAINTIFF HAS PROPERLY INVOKED AND ESTABLISHED SUBJECT MATTER JURISDICTION UNDER 28 U.S.C. § 1332**

Defendant incorrectly asserts that Plaintiff cannot meet its burden of establishing subject matter jurisdiction because Plaintiff's claims purportedly cannot be aggregated. However, Defendant mischaracterizes the legal standard governing aggregation in diversity jurisdiction cases.

As discussed below, Defendant's Motion to Dismiss for Lack of Subject Matter Jurisdiction should be denied in its entirety. Plaintiff has properly invoked and established diversity jurisdiction under 28 U.S.C. § 1332, as the action for foreclosure of mechanic's lien justifies aggregation, and the amount in controversy requirement is satisfied. Moreover, the claims arise from the same set of facts, directly impact a single property, and involve interdependent obligations.

i.     THE ACTION FOR FORECLOSURE OF MECHANIC'S LIEN
SATISFIES THE JURISDICTIONAL AMOUNT REQUIREMENT

At the outset, the first and primary claim against Icon Realty is for the foreclosure of the mechanic's lien which directly affects Icon Realty's ownership interest in the property. Plaintiff

seeks to recover $143,627.84 through this foreclosure action— an amount which independently satisfies the jurisdictional threshold of $75,000 under 28 U.S.C. § 1332.

It is well to remember that actions to foreclose mechanic's liens are in *rem* in nature. *United States v. Certified Indus., Inc., 361 F.2d 857, 860 (2d Cir. 1966)*. Such an action is one against the property itself, not just a collection effort against a particular debtor. Moreover, under the N.Y. Lien Law § 3, a property owner can be held liable for a mechanic's lien foreclosure even if the contract was with a tenant, as long as the owner benefited from the work. Courts have consistently upheld the enforcement of such liens against property owners who consented to or derived a benefit from the work performed. *Ferrara v. Peaches Cafe LLC, 32 N.Y.3d 348, 353 (2018)* citing *Rice v. Culver, 172 N.Y. 60, 64 N.E. 761 (1902)*;

Considering that actions to foreclose mechanic's lien attach to the property as a whole rather than isolating claims by tenant, it makes sense to say that such actions to foreclose mechanic's lien inherently involve aggregation. Plaintiff can also enforce a mechanic's lien against the property itself, regardless of whether the contract was with a tenant.

Defendant asserts that Icon Realty's liability is only $70,000.63, and thus fails to meet the jurisdictional requirement. This is incorrect for two reasons: First, the total value of the mechanic's liens sought to be foreclosed exceeds $143,627.84, well above the $75,000 threshold. Second, mechanic's lien foreclosure actions inherently impact the property's title and equity, meaning the total value of the claim against Icon Realty's interest is the appropriate measure for jurisdictional purposes. Plaintiff can potentially recover $143,627.84 on the foreclosure of the mechanic's lien against Icon Realty since Plaintiff's mechanic's lien encumbers Icon Realty's property and foreclosure directly targets Icon Realty's equity. Thus, in this case, it is correct to say that a single plaintiff can recover over $75,000 from a single defendant.

To bolster its position, Icon Realty asserts that each defendant in this case would only be liable for the amount sought against them individually, citing 76 A N.Y. Jur. 2d, Mechanics' Liens, Section 337, and argues that this precludes aggregation of claims for jurisdictional purposes. However, this argument misinterprets the mechanics of lien foreclosure and overlooks key legal principles that support aggregation in this case.

Under N.Y. Lien Law § 54, if a lienor initiates an action to foreclose a mechanic's lien and fails to establish its validity, the court may still render a personal judgment against any party liable for the debt. This provision allows the lienor to recover sums due as if pursuing a standard contract action, even without a valid lien. However, this does not convert the original foreclosure action from an in *rem* proceeding, which targets the property, into a purely personal action. Instead, it permits the court to grant personal relief within the context of the foreclosure action, ensuring the lienor can obtain judgment for the owed amount despite the lien's invalidity. Defendant's argument overlooks the nature of mechanic's liens and misconstrues the law governing mechanic's lien.

Furthermore, while New York courts have recognized that personal judgments may be awarded in mechanic's lien foreclosure actions, this does not mean that each defendant's liability is completely distinct in a way that precludes aggregation. Case law supports the notion that multiple mechanic's liens can be aggregated and consolidated into a single foreclosure action when they arise from the same construction project and impact the same real property. In *Duraflex Sales & Serv. Corp. v. W.H.E. Mech. Contractors, 110 F.3d 927 (2d Cir. 1997)*, a consolidated foreclosure action was initiated by multiple claimants in a failed real estate venture, demonstrating that multiple mechanic's liens can be combined into one legal proceeding. Similarly, in *York Hunter Const., Inc. v. Avalon Properties, Inc., 104 F. Supp. 2d 211 (S.D.N.Y.*

8

*2000)*. , the plaintiff successfully argued that other lienors must be joined before the court could proceed with foreclosure, reinforcing that aggregation is permitted when multiple claims stem from the same property improvements. Additionally, *In re Admiral's Walk, Inc., 134 B.R. 105 (Bankr. W.D.N.Y. 1991)*. treated mechanic's lien claims as a single adversary proceeding, further supporting that multiple liens can be adjudicated together. These cases affirm that a foreclosure action on multiple mechanic's liens can be brought as a unified legal proceeding, rather than as separate, fragmented claims against different defendants.

ii.    <u>DEFENDANT MISAPPLIES THE STANDARD FOR AGGREGATION<br>OF CLAIMS IN DIVERSITY JURISDICTION</u>

The general rule is that claims of multiple litigants, such as one brought by a single plaintiff against multiple defendants, cannot be aggregated to reach the jurisdictional amount in controversy. Snyder v. Harris, 394 U.S. 332, 335, 89 S. Ct. 1053, 1056, 22 L. Ed. 2d 319 (1969)

Exceptions to this general rule against aggregation exist where plaintiffs share a common and undivided interest or where defendants are jointly liable for the claims asserted. A common and undivided interest arises when multiple plaintiffs hold a jointly enforceable right, such as a mechanic's lien where enforcement requires all lienholders to act together, thereby justifying aggregation. See *Herlihy v. Ply-Gem Indus., Inc., 752 F. Supp. 1282 (D. Md. 1990)*.

Similarly, aggregation is permitted when multiple defendants are jointly liable to the plaintiff, meaning their liability is collective rather than several, and each defendant bears responsibility for the entire amount claimed. See *GenopsGroup LLC v. Pub. House Invs. LLC, 67 F. Supp. 3d 338 (D.D.C. 2014)*; Hayfield v. Home Depot U.S.A., Inc., 168 F. Supp. 2d 436 (E.D. Pa. 2001) .

9

Defendant claims that Plaintiff cannot demonstrate joint liability for the claims brought in this action, and cannot meet its burden of establishing diversity jurisdiction. To support this, Defendant asserts that the Plaintiff's claims are alleged by Plaintiff to arise out of separate contracts or agreements for the performance of separate and different types of work, and no defendant is alleged to have co-signed a guaranty of performance by any other defendant. This characterization is nothing but misleading and is inconsistent with the allegations in Plaintiff's Complaint.

The Complaint states that Plaintiff entered into an agreement with the Hiring Defendants collectively, which includes Icon Realty and the tenant defendants. It alleges that Plaintiff provided construction, demolition, hazardous material removal, water remediation, and fire and smoke damage restoration services at the Property. (Compl. ¶¶ 16-17.). Further, the Complaint alleges that Icon Realty directed the tenant defendants to allow Plaintiff access to the premises in order to perform the required remediation work. (Compl. ¶ 21.). This demonstrates Icon Realty's oversight and control over the project.

Here, Plaintiff has pleaded a common course of dealings involving interrelated agreements, shared obligations, and mutual benefits to all Defendants, including Icon Realty's role in directing access and benefiting from the services provided. Moreover, the claims here deal with a common and undivided piece of property. While Defendant argues that Plaintiff's claims against Icon Realty and the other hiring defendants are "separate and distinct," this argument ignores the reality that work was performed on the same property owned by Icon Realty, and the improvements benefitted both the property owner and the tenants, making them interdependent obligations.

Clearly, this case falls under the ambit of the non-aggregation exceptions. Claims can be aggregated when they involve a single indivisible *res* like such as an estate or a piece of property. See *Travelers Prop. Cas. v. Good, 689 F.3d 714, 719 (7th Cir. 2012)* (internal quotes omitted).

Meanwhile, in *McDowell Welding & Pipefitting, Inc. v. U.S. Gypsum Co., 285 B.R. 460 (D. Or. 2002)* the court found that claims against multiple defendants that are inextricably intertwined with a lien foreclosure claim should not be severed because they involve overlapping issues of fact and law that should be resolved together. Considering that the claims here deal with a common and undivided piece of property, Plaintiff's claims are properly aggregated, and the amount-in-controversy requirement is met.

## B.  THE NOTICE OF PENDENCY IS PROPER AND SHOULD NOT BE CANCELLED

Defendant argues that Plaintiff is improperly using the Notice of Pendency as a "sword, not a shield," and that the lien is exaggerated or improper. Defendant further contends that, upon dismissal of the case, the Notice of Pendency must be cancelled as a matter of law. Defendant's argument is legally flawed and misrepresents the governing standards for notices of pendency in mechanic's lien foreclosure actions.

Under New York Civil Practice Law and Rules (CPLR) § 6501, a notice of pendency is appropriate where an action affects the title to, use, or possession of real property. See *5303 Realty Corp. v. O & Y Equity Corp., 64 N.Y.2d 313, 319, 476 N.E.2d 276 (1984)*

Here, Plaintiff's foreclosure action on its mechanic's liens indisputably affects the title to the subject Property, thereby squarely falling within the statutory requirements for a valid notice of pendency.

i.    THE NOTICE OF PENDENCY IS PROPER IN A MECHANIC'S LIEN
      FORECLOSURE ACTION

A Notice of Pendency serves as a critical tool in real estate litigation to alert potential

buyers and creditors that a property is subject to ongoing litigation that may impact ownership

rights. In *Aztec Window & Door Mfg., Inc. v. 71 Vill. Rd., LLC, 60 A.D.3d 795, 875 N.Y.S.2d 528

(2009)*, the court granted the plaintiff's cross motion for leave to file an untimely notice of

pendency in an action to foreclose a mechanic's lien, indicating the importance of filing such

notices to maintain the lien.

Defendant relies on *Chambi v. Navarro, Vives & Cia, Ltd., 95 A.D.2d 667, 463 N.Y.S.2d

218 (1983)* and *Mageloff v. Sarkin, 52 Misc. 2d 737, 276 N.Y.S.2d 708 (Sup. Ct. 1966)* to

suggest that Plaintiff is improperly using the Notice of Pendency to assert an exaggerated lien.

However, these cases do not apply to the present circumstances. *Chambi* involved a dispute

where the plaintiff sought to improperly tie up a property unrelated to their direct claims,

whereas here, the Notice of Pendency pertains to a mechanic's lien foreclosure, which is a direct

claim affecting the property. Meanwhile, *Mageloff* addressed a fraudulent and excessive lien, but

Defendant has provided no evidence that Plaintiff's lien is fraudulent or exaggerated.

ii.    DEFENDANT HAS FAILED TO SHOW THAT THE MECHANIC'S
       LIEN IS IMPROPER

Defendant's claim that the mechanic's lien is exaggerated or improper is unsubstantiated and

speculative. N. Y. Lien Law § 3 provides that contractors, subcontractors, and material suppliers

have a right to enforce mechanic's liens against real property where they have furnished labor or

materials that benefit the property. Here, Plaintiff has complied with all procedural requirements

under the Lien Law, including filing a valid mechanic's lien with the Bronx County Clerk within

the statutory timeframe; providing notice to all relevant parties, including Defendant Icon Realty; and initiating a foreclosure action within the statutory period to enforce its rights.

Defendant's claim that the lien amount is excessive or exaggerated is a factual dispute not suitable for resolution on a motion to dismiss. In *W. Rac Contracting Corp. v. Huntington Vill. Hotel Partners, LLC, 75 Misc. 3d 805, 171 N.Y.S.3d 323 (N.Y. Sup. Ct. 2022)*, the court held that whether a mechanic's lien is "willfully exaggerated" is a question of fact that must be resolved at trial, not on a motion to vacate the lien. The court further emphasized that any dispute regarding the validity of the lien must await the trial of the lien-foreclosure action when there is no defect on the face of the notice of lien. Likewise, in *Lane Const. Co. v. Chayat, 117 A.D.3d 992, 986 N.Y.S.2d 529 (2014)* , the court held that the issue of a lien's validity could not be determined at the motion to dismiss phase due to the existence of factual disputes.

### iii.    THE NOTICE OF PENDENCY CANNOT BE CANCELLED AT THIS STAGE

Under CPLR § 6514(a), a court may only cancel a Notice of Pendency if it finds that the underlying action does not affect title to, or the use and enjoyment of, real property. That is not the case here. Plaintiff's mechanic's lien foreclosure action clearly affects title to the subject property. Because the purpose of the action is to enforce a lien against real property, the Notice of Pendency is entirely proper and necessary.

Courts have held that cancellation is only warranted where the action does not seek to affect property title at all, such as when the claims involve purely monetary damages without an interest in the property itself. See See *5303 Realty Corp. v. O & Y Equity Corp., 64 N.Y.2d 313, 319, 476 N.E.2d 276 (1984)*.

Here, because Plaintiff seeks to foreclose on a mechanic's lien that directly encumbers the property, cancellation is inappropriate. Defendant's argument that the Notice of Pendency should be automatically canceled upon dismissal is misleading, as courts have discretion in determining whether to cancel a notice, particularly where, as here, the action directly affects title.

## IV.    CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that the Court deny Defendant's Motion to Dismiss including the cancellation of the Notice of Pendency be denied in its entirety. Plaintiff has established that subject matter jurisdiction is proper under 28 U.S.C. § 1332, as the foreclosure of the mechanic's lien justifies aggregation, and the amount in controversy requirement is satisfied. Furthermore, the Notice of Pendency is legally valid and appropriate, as this action directly impacts the title to and use of the subject property. Defendant's arguments misapply the governing legal standards and fail to provide a sufficient basis for dismissal. Accordingly, this case should proceed to adjudication on the merits.

Dated: Kew Gardens, New York
      February 28, 2025

Alexander Kadochnikov
Shiryak, Bowman, Anderson, Gill & Kadochnikov, LLP
*Attorneys for the Plaintiff*
80-02 Kew Gardens Rd, Suite 600
Kew Gardens, NY 11415