UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------- X
SOUTHEASTERN SOLUTIONS SES INC.,

                               Plaintiff,

   -against-

ICON REALTY NY CORP. ET AL,

                            Defendants.
-------------------------------------------------------------- X

**ORDER DISMISSING COMPLAINT FOR LACK OF JURISDICTION**

24 Civ. 8995 (AKH)

ALVIN K. HELLERSTEIN, U.S.D.J.:

        Plaintiff Southeastern Solutions SES Inc. ("SES") alleges in its Complaint that Defendants Icon Realty NY Corp., Hollywood Stylze Salon LLC, Ranch Mini Market & Deli Inc., and V.I.P. Nails Salon by Linda, Inc. (the "Hiring Defendants") failed to pay in full the balance owed for construction work performed by Plaintiff. Defendants move to dismiss the complaint for lack of subject matter jurisdiction. For the reasons below, that motion is granted.

        In July 2024, Plaintiff contracted with the Hiring Defendants to provide construction work for each of them on a property owned by Defendant Icon Realty and leased by the other Hiring Defendants. As alleged in the Complaint, the agreed upon price and value of the work performed and materials furnished by Plaintiff for each of the Hiring Defendants was as follows:

        Icon Realty NY Corp.: $70,000.63

        Hollywood Stylze Salon, LLC: $38,300.00

        Ranch Mini Market & Deli, Inc.: $16,600.00

        VIP Nails Salon by Linda, Inc.: $49,100.00

        Plaintiff completed the construction work on the property in July 2024 and alleges that a total balance of $120,850.63 remains unpaid by Defendants. On September 18, 2024,

Plaintiff separately filed Notices of Mechanic's Lien against Icon Realty NY Corp., Hollywood Stylze Salon, LLC, Ranch Mini Market & Deli Inc., and V.I.P. Nails Salon by Linda, Inc. The amount alleged to be unpaid for each lien was as follows:

    Icon Realty NY Corp.: $70,006.63

    Hollywood Stylze Salon, LLC: $22,980.00

    Ranch Mini Market & Deli: $3,320.00

    VIP Nails Salon by Linda, Inc.: $24,550.00

Diversity jurisdiction under 28 U.S.C. § 1332 exists only where complete diversity exists between all the parties and the amount in controversy exceeds $75,000. Two defects preclude diversity jurisdiction here. As a preliminary matter, limited liability companies are deemed to be citizens of all the states in which their constituents are citizens. *See Handelsman v. Bedford Vill. Assocs. Ltd. P'ship*, 213 F.3d 48, 51 (2d Cir. 2000) (citing *Carden v. Arkoma Assocs.*, 494 U.S. 185 (1990)); *see also Americold Realty Trust v. Conagra Foods, Inc.*, 136 S. Ct. 1012, 1014 (2016) ("While humans and corporations can assert their own citizenship, other entities take the citizenship of their members."). Plaintiff has failed to identify the members of the limited liability company, Defendant Hollywood Stylze Salon, LLC, and allege their citizenship.

Plaintiff has also failed to allege a sufficient amount in controversy. Plaintiff argues that the amount in controversy exceeds $75,000 because the aggregate of the unpaid balance by each Defendant exceeds that sum. Claims by a plaintiff against multiple defendants cannot be aggregated to meet the amount in controversy requirement of Section 1332 unless the defendants are jointly liable. *See Chase Manhattan Bank, N.A. v. Aldridge*, 906 F.Supp. 870, 874 (S.D.N.Y. 1995). The Complaint does not allege that Defendants are jointly liable for the

claims, and nothing indicates that joint liability exists. Each Defendant is an independent corporation or limited liability company for which Plaintiff provided separate construction work, albeit on the same property. Plaintiff billed each Defendant separately for the work performed and the materials furnished and filed distinct Notices of Mechanic's Liens against each Defendant for different total amounts. None of the claims against any one Defendant exceed $75,000, and the amount in controversy requirement is therefore not satisfied.

Defendants' motion to dismiss is granted. The Clerk is directed to terminate the open motion, ECF No. 32, and close the case.

SO ORDERED.

Dated:   May 6, 2025
         New York, New York

ALVIN K. HELLERSTEIN
United States District Judge